FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 25 2019  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

RENEE ABBANANTO, SUSAN CHODKOWSKI,
DANIELLE DAVIDSON, JAMES DELAHUNTY,
MATTHEW SARTER, and all others similarly situated,

                            Plaintiffs,

        -against-

COUNTY OF NASSAU,

                            Defendant.

------------------------------------------------------------------------X

CV - 19  1102

**COMPLAINT**

Jury Trial Demanded
On All Issues

Index No.:

SEYBERT, J.

LINDSAY, M.J.

Plaintiffs, by their attorney, Law Offices of Louis D. Stober, Jr., LLC, respectfully alleges as follows:

## PURPOSE OF ACTION

1.      Plaintiffs commence this action for the purpose of seeking appropriate remedies and redress for violations of rights secured by Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000-e *et seq*., N.Y. Human Rights Law § 290 *et seq*., Nassau County Government Law § 1307, and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

2.  Plaintiffs have exhausted all administrative remedies by filing with the Equal Opportunity Employment Commission ("EEOC"). After the EEOC conducted their investigation, they issued a right to sue letter on November 15, 2018.  A Right to Sue Letter was received on November 27, 2018 for EEOC Charge Number 520-2018-00615.

3.  This Court has original subject matter jurisdiction of this action as a Federal Question pursuant to 28 U.S.C. §§ 1331. This Court has supplemental jurisdiction over the Plaintiffs' NY Human Rights claims and Plaintiffs' Nassau County Government Laws claims pursuant to 42 U.S.C. § 1367, as the Plaintiffs' state and federal claims derive from a common nucleus of operative facts.

4.  Venue lies in this District pursuant to 29 U.S.C. § 1391, in that all of the causes of action raised within this litigation arose within the Eastern District of New York, Nassau County, New York.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.  Plaintiff RENEE ABBANANTO (hereinafter "Abbananto") is an adult individual residing in Nassau County, New York; and at all times relevant herein has been an employee of Defendant in the title of Police Communications Operator ("PCO").

7.  Plaintiff SUSAN CHODKOWSKI (hereinafter "Chodkowski") is an adult individual residing in Nassau County, New York; and at all times relevant herein has been an employee of Defendant in the title of Police Communications Operator Supervisor("PCOS").

8.  Plaintiff DANIELLE DAVIDSON (hereinafter "Davidson") is an adult individual residing in Nassau County, New York; and at all times relevant herein has been an employee of Defendant in the title of Police Communications Operator Supervisor ("PCOS").

9. Plaintiff JAMES DELAHUNTY (hereinafter "Delahunty") is an adult individual residing in Nassau County, New York; and at all times relevant herein has been an employee of Defendant in the title of Police Communications Operator ("PCO").

10. Plaintiff MATTHEW SARTER (hereinafter "Sarter") is an adult individual residing in Nassau County, New York; and at all times relevant herein has been an employee of Defendant in the title of Police Communications Operator Supervisor ("PCOS").

11. Defendant COUNTY OF NASSAU (hereinafter the "County"), is a municipal corporation duly incorporated under the laws of the State of New York and is the employer of the Plaintiffs and all members of the prospective class.

## CLASS ACTION

12. The Plaintiffs seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3) with respects to their claims under Title VII, on behalf of themselves individually and all other similarly situated PCOs and PCOSs who have been employed by the County at any time during the relevant statute of limitation period.

13. Fed. R. Civ. P. 23(a) provides that a cause of action may be maintained as a class action if the following elements are met:

(1)    The class is so numerous that joinder of all members is impracticable;

(2)    There are questions of law or fact common to the class;

(3)    The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

3

(4)    The representative parties will fairly and adequately protect the interests of the class.

14. Additionally, Fed. R. Civ. P. 23(b)(3) provides that in addition to satisfying the requirements stated in subsection (a), it must also be shown that a class action is superior to other available methods for the fair and efficient adjudication of the case or controversy.

## CLASS DEFINITIONS

15. Plaintiffs seek certification of a class consisting of the following individuals:

All persons who have been employed as PCOs and PCOSs and all PCO titles for the Defendant at any time from three years prior to the filing of the EEOC complaint to the entry of judgment in this Action.

## NUMEROSITY

16. The Plaintiffs satisfy the numerosity requirement as the proposed class is so numerous that the joinder of all members would be both impracticable and inefficient and upon information and belief, consists of approximately 200 members.

17. The proposed class can be identified and located using the County's payroll and personnel records, and the putative class members may be informed of the pendency of this action by direct mail and/or published or broadcast notice.

## COMMON QUESTIONS OF LAW AND FACT

18. The present action involved questions of fact and law which are common to each of the putative class members and which predominate over any questions affecting only individual members. The questions of fact and of law common to

each putative class member arising from the County's violations include, but are not limited to the following questions:

(1)      Whether the County has violated the provisions of Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq*., Article 15 of the New York State Executive Law § 290 *et seq*., Nassau County Government Law § 1307, and 42 U.S.C. § 1983 with respect to the female and male Plaintiffs and putative class members by not compensating the predominantly female PCOs and PCOSs with the same terms and conditions of employment as the predominantly male Fire Communication Technicians ("FCTs") and Fire Communications Technicians Supervisors ("FCTSs") who perform the same or similar duties.

(2)      Whether the County has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*. and N.Y. Exec. Law § 290 *et seq*. with respect to the female and male Plaintiffs and putative class members by not compensating the predominantly female PCOs and PCOSs with the same terms and conditions of employment as the predominantly male FCTs and FCTSs who perform the same or similar duties because the male FCTs and FCTSs receive additional compensation, including, but not limited to, the FCTs and FCTSs receiving triple time for working on holidays, including twelve (12) hours before the holiday tour and twelve (12) hours after the holiday tour, and for compensation for mileage to the FCTs and FCTSs for reporting for noncontiguous overtime while the PCOs and PCOSs do not receive triple

2:19-cv-01102-JMW    Document 1    Filed 02/25/19    Page 6 of 16 PageID #: 6

time for overtime worked and do not receive compensation for mileage for noncontiguous overtime.

19. The questions set forth above predominate over any tertiary questions limited only to individual Plaintiffs or individual putative class members. Based upon considerations of consistency, judicial economy, efficiency, fairness, and equity, a class action is superior to any other available method for the fair and efficient adjudication of this controversy.

**TYPICALITY**

20. The Plaintiffs' claims under Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq*., Article 15 of the New York State Executive Law § 290 *et seq*., Nassau County Government Law § 1307, and 42 U.S.C. § 1983 are typical and virtually identical to the claims of the other putative class members. As a result of the County's unlawful conduct, the Plaintiffs have suffered virtually identical injuries as those suffered by other members of the putative class they seek to represent.

**ADEQUACY**

21. Plaintiffs are adequate representatives of the class which they seek to represent, as they are members of putative class and their interests do not conflict with the interests of the members of the class they seek to represent. As a result, the interests of the putative class members will be fairly and adequately protected by the Plaintiffs and their undersigned counsel. The Plaintiffs have hired competent attorneys who are experienced in class action litigation and committed to the prosecution of this Action as evidenced by their representation of these Plaintiffs

and other County employees within several putative class action cases currently pending within this District, and their successful representation of a number of the male Plaintiffs and putative class members within <u>Volpe v. Nassau Cty.</u>, 915 F.Supp.2d 284 (E.D.N.Y. 2013), which alleged Equal Pay Act and Title VII violations, as well as <u>Chodkowski v. Cty of Nassau</u>, Docket No.: 16-CV-5770 (GRB) and <u>Davidson v. Cty. Of Nassau</u>, Docket No.: 18-CV-1182 (GRB).

## SUPERIORITY

22. A class action is superior to any other available means for the fair and efficient adjudication of this controversy because the individual joinder of the parties is impracticable and inefficient. Certification of this action as a class action will allow all of the PCOs and PCOSs to prosecute their virtually identical claims for relief within a single forum, simultaneously, and efficiently ensuring the most expedient conclusion possible of the litigation between the parties, without the unnecessary duplication of effort and expense that would occur if these claims were brought individually by each of the putative class members.

23. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests due to the inherent costs of bringing litigation compared with the potential recovery.

## STATEMENT OF FACTS

24. All of the Plaintiffs are employed or were employed by the County within the County's Police Department. As PCOs and PCOSs for the County, their duties

included receiving telephone calls placed on the County's 911 emergency system, deciding the appropriate response to each of the calls, and if necessary, dispatching the appropriate aid depending upon the gravity of the emergency situation.

25. There are presently approximately 200 PCOs and PCOSs employed by the County, over 90% of whom, are female.

26. Currently, the PCOs and PCOSs work a seven-week tour cycle which during weeks one through six of a tour cycle, the PCOs and PCOSs work a total of three, twelve hour shifts, for a total of 36 hours per week. However, on the seventh week of a tour cycle, the PCOs and PCOSs are required to work a total of four twelve hour shifts, for a total of 48 hours on the seventh week.

27. The additional day that the PCOs and PCOSs are required to work on the seventh week of every tour cycle is called a "Supplemental Day."

28. Throughout the course of their employment, the Plaintiffs were never paid overtime compensation when they work over 40 hours every seventh week as a result of the mandatory working of a Supplemental Day.

29. Throughout the course of their employment, the Plaintiffs were neither compensated at straight time for the hours they worked during the County's mandated Supplemental Days, or overtime when the mandated working of the Supplemental Days caused the PCOs and PCOSs to work more than 40 hours in a given week.

30. Throughout the course of their employment, the Plaintiffs were compensated at an overtime premium rate at triple their hourly rate for working during holidays, but only for the hours worked between 12:01AM and 11:59PM during the holiday.

31. Throughout the course of their employment, the Plaintiffs were never compensated for mileage when the Plaintiffs worked noncontiguous overtime or when Plaintiffs had to work the County's mandated Supplemental Days and those Supplemental Days caused Plaintiffs to work in excess of 40 hours for that week.

32. Throughout the course of their employment, the Plaintiffs have been subject to random drug testing.

33. Fire Communications (hereinafter "FCOM") is an agency within the County to which the FTCs and FCTSs are assigned and employed.

34. The FCTs and FCTSs are located within the same facility as the PCOs and PCOSs and perform virtually identical duties as the PCOs and PCOSs.

35. The overwhelming majority of the FCTs and FCTSs are male.

36. Upon information and belief, the predominantly male FCTs and FCTSs have more opportunities to advance within FCOM as compared to the predominately female PCOs and PCOSs, as FCOM has the opportunity to become an FCT I, FCT II, FCT III, Assistant Chief, and Chief, while the PCOs and PCOSs only have the opportunity to become a PCOs, PCOSs, Assistant Bureau Director and Bureau Director.

37. Upon information and belief, the FCTs and FCTSs are required to work a schedule that consists of three, twelve hour days per week for a total of 36 hours per week.

38. Upon information and belief, the FCTs and FCTSs are not required to work mandatory Supplemental Days the way that the PCOs and PCOSs are required to.

39. Upon information and belief, when the FCTs and FCTSs work holidays, the FCTs and FCTSs are compensated at an overtime premium rate of triple their hourly rate for twelve (12) hours before the holiday tour and twelve (12) hours following the holiday tour, as well as for any hours worked from 12:01AM and 11:59PM on the holiday.

40. Upon information and belief, when the FCTs and FCTSs work noncontiguous overtime, the FCTs and FCTSs are compensated for mileage to and from FCOM.

41. Upon information and belief, because the FCTs and FCTSs do not have to work the mandatory Supplemental Days the way PCOs and PCOSs do, the FCTs and FCTSs are freely able to work an overtime shift, thereby providing the predominantly male FCTs and FCTSs at least seven to eight more opportunities to work overtime in a given year, as opposed to the predominantly female PCOs and PCOSs.

42. Upon information and belief, the FCTs and FCTSs are not subject to the random drug testing that the PCOs and PCOSs are subject to.

43. On March 22, 2017, the Plaintiffs filed a Notice of Claim upon the County, pursuant to County Law § 52.

44. More than thirty days have elapsed since the Plaintiffs have filed their Notice of Claim upon the County, yet, to date, the County has still offered no remedy or redress to the Plaintiffs or any putative class member for any of the violations of law identified within the Plaintiffs' Notice of Claim.

45. On October 20, 2017, Plaintiffs filed their EEOC and N.Y.S. Division of Human Rights complaints with the EEOC, alleging violations of Title VII of the Civil Rights Act of 1964, N.Y. Human Rights Law § 290 *et seq.*, N.Y. Labor Law 190 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. 1983.

46. In addition, on November 28, 2017, Plaintiffs filed their formal Charges of Discrimination to the EEOC, alleging discrimination based on sex, in violation of Title VII of the Civil Rights Act of 1964, N.Y. Human Rights Law § 290 *et seq.*, N.Y. Labor Law 190 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. 1983.

47. On November 27, 2018, Plaintiffs' received a right to sue letter from the EEOC giving Plaintiffs the right to bring a civil action against Defendants within ninety (90) days after receipt of the right to sue letter.

48. Less than ninety (90) days have elapsed since Plaintiffs received the right to sue letter from the EEOC on November 27, 2018, thus Plaintiffs are well within their right to initiate the current suit.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44 inclusive, as if fully set forth herein.

50. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e, *et seq.*).

51. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 by failing to provide equalization of the terms and conditions of employment for the PCOs and PCOSs with the terms and conditions of employment for the FCTs and FCTSs, because of Plaintiffs' sex.

52. As a result of Defendants' discriminatory acts, Plaintiffs have suffered and are entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT II

## VIOLATION OF ARTICLE 15 OF THE NEW YORK STATE HUMAN RIGHTS, EXECUTIVE LAW § 290 *et seq.*

53. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 inclusive, as if fully set forth herein.

54. Plaintiff is covered under Article 15 of the New York State Human Rights, Executive Law § 290 *et seq*.

55. Defendant's and its agents' actions as alleged herein violated Article 15 of the New York State Human Rights, Executive Law § 290 *et seq*.

56. As a result of Defendants' discriminatory acts, Plaintiffs have suffered and are entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT III

## VIOLATION OF THE NASSAU GOVERNMENT LAW § 1307

57. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 52 inclusive, as if fully set forth herein.

58. Plaintiff is covered under Nassau Government Law § 1307

59. Defendant's and its agents' actions as alleged herein violated Nassau Government Law § 1307.

60. Defendants' and its agents' actions failed to standardize salaries and conditions of employment for the PCOs and PCOSs as compared to the FCTs and FCTSs, who perform similarly equal work.

61. As a result of Defendants' discriminatory acts, Plaintiffs have suffered and are entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

## COUNT IV

## MUNICIPAL VIOLATIONS OF 42 U.S.C. 1983

62. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 57 inclusive, as if fully set forth herein.

63. Defendants, acting under color of State Law, through its policy makers, employees, agents and assigns, deprived Plaintiffs of their rights, privileges and immunities secured by the United States Constitution by engaging in a course of conduct rising to the level of a policy and practice, thereby violating Plaintiffs' civil rights under 42 U.S.C. 1983, *et seq*. Defendants have made it a policy and

13

practice to discriminate against the predominantly female PCOs and PCOSs as compared to the predominantly male FCTs and FCTSs by failing to provide equal terms and conditions of employment.

64. The County itself was the vehicle and the instrumentality of the individual conspirators to deprive Plaintiffs of their rights and it is therefore liable to the Plaintiffs.

65. As a result of Defendants' acts, Plaintiffs have suffered and are entitled to damages sustained to date and continuing in excess of the jurisdictional limits of this Court and to be determined at the trial herein, together with interest, punitive damages, attorneys' fees and costs of this action.

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

(a)    Designating this Action as a class action;

(b)    Exercising supplemental jurisdiction over the Plaintiffs' and putative class members' claims under Article 15 of the New York State Executive Law § 290 *et seq.* and Nassau County Government Law § 1307;

(c)    Declaring Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq.*, Article 15 of the New York State Executive Law § 290 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. § 1983 respectively;

14

(d)    Entering a permanent injunction enjoining the Defendants from further violations of Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq.*, Article 15 of the New York State Executive Law § 290 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. § 1983, including an order, enjoining the County's mandated working of Supplemental Days for PCOs and PCOSs and any other term or condition of employment which this Court finds to be violative of Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq.*, Article 15 of the New York State Executive Law § 290 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. § 1983;

(e)    Exercising jurisdiction to first equalize the terms and conditions of employment for the female PCOs and PCOSs with the predominantly male FCTs and FCTSs, and then subsequently exercising jurisdiction to equalize the terms and conditions of employment for the male PCOs and PCOSs with their female co-workers;

(f)    Awarding the Plaintiffs and the putative class members all monies and emoluments of employment owed to them as a result of the County's willful violations of Title VII of The Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000-e *et seq.*, Article 15 of the New York State Executive Law § 290 *et seq.*, Nassau County Government Law § 1307, and 42 U.S.C. § 1983;

(g)    Awarding a tax bump up on any award to offset the tax consequences of a lump-sum payment, calculated annually, in order to make each Plaintiff and putative class member whole. See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York, 2016 WL 4129111, at *3 (S.D.N.Y. Aug 3, 2016);

15

(g)    Awarding Plaintiffs and putative class members the costs of this action together with reasonable attorneys' fees; and such other and further relief as this Court deems necessary.

### JURY DEMAND

Plaintiff hereby demands a trial jury on all issues.

Dated: Mineola, New York
February 25 2019

Yours, etc.

Law Offices of Louis D. Stober, Jr., LLC
By: Louis D. Stober, Jr., Esq. (LS9318)
*Attorneys for Plaintiffs*
98 Front Street
Mineola, New York 11501
(516) 742-6546
(516) 742-8603 fax