UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RENEE ABBANANTO, SUSAN CHODKOWSKI, DANIELLE DAVIDSON, JAMES DELAHUNTY, MATTHEW SARTER, and all others similarly situated,

                             Plaintiffs,

       - against -

COUNTY OF NASSAU,

             Defendant/Third-Party Plaintiff,

       - against -

CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., REGION 1/LOCAL 1000, AFSCME-CIO (CSEA); AND CSEA LOCAL 830,

             Third-Party Defendants.
----------------------------------------------------------------X
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIELLE DAVIDSON, SUSAN CHODKOWSKI, GARY VOLPE, MATTHEW SARTER, WENDY NEAL, DEBORAH PEDENZIN, ROSANNA LAURO, and all others similarly situated,

                             Plaintiffs,

       - against -

COUNTY OF NASSAU,

                             Defendant.
----------------------------------------------------------------X

**SETTLEMENT AGREEMENT AND RELEASE SETTLING THREE ACTIONS:**

**Abbananto, et al. v. County Of Nassau;**
**Case No. 19-CV-1102**

**Davidson, et al. v. County Of Nassau;**
**Case No. 18-CV-1182**

**Chodkowski, et al. v. County Of Nassau, et al.**
**Index No. 603925/2017**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
----------------------------------------------------------------X
SUSAN CHODKOWSKI, HELEN EBBERT, GARY VOLPE, MATTHEW SARTER, WENDY NEAL, DEBORAH PEDENZIN, ROSANNA LAURO, DANIELLE DAVIDSON, and all others similarly situated,

                            Plaintiffs,

      - against -

COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY CIVIL SERVICE COMMISSION,

                            Defendants.
----------------------------------------------------------------X

      Subject to approval by the United States District Court for the Eastern District of New York, the Nassau County Legislature, and the Nassau County Interim Finance Authority (hereinafter, "NIFA") (if required), this Settlement Agreement and Release (hereinafter, "Settlement Agreement") is entered into between Plaintiffs Renee Abbananto, Susan Chodkowski, Danielle Davidson, James Delahunty, Matthew Sarter, Gary Volpe, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, Helen Ebbert, and all others similarly situated, and Defendant County of Nassau.

## RECITALS

1. Plaintiffs Renee Abbananto, Susan Chodkowski, Danielle Davidson, James Delahunty, and Matthew Sarter, on behalf of themselves and all others similarly situated, filed an Action in the United States District Court for the Eastern District of New York on February 25, 2019 (hereinafter, "Abbananto Action").

2. On June 25, 2020, Defendant filed an Answer in the Abbananto Action, denying all liability under any of Plaintiffs' claims.

3. On July 9, 2020 Defendant filed a Third-Party Complaint in the Abbananto Action against Third-Party Defendants, Civil Service Employees Association, Inc., Region 1/Local 1000, AFSCME-CIO (CSEA) and CSEA Local 830.

4. On August 31, 2020, Third-Party Defendants, Civil Service Employees Association, Inc., Region 1/Local 1000, AFSCME-CIO (CSEA) and CSEA Local 830, filed an Answer in the Abbananto Action to the Third-Party Complaint, denying all liability under any of Defendant's claims.

5. Plaintiffs Danielle Davidson, Susan Chodkowski, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, and Rosanna Lauro, on behalf of themselves and all others similarly situated, filed an Action in the United States District Court for the Eastern

District of New York on February 23, 2018 (hereinafter, "Davidson Action"). An Amended Complaint was filed in the Davidson Action on March 3, 2020.

6. Defendants filed an Answer to each complaint in the Davidson Action, denying all liability under any of Plaintiffs' claims.

7. Plaintiffs Susan Chodkowski, Helen Ebbert, Gary Volpe, Matthew Sarter, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, and Danielle Davidson, on behalf of themselves and all others similarly situated, filed an Action in the Supreme Court of the State of New York, County of Nassau, on May 5, 2017 (hereinafter, "Chodkowski Action").

8. On July 14, 2017, Defendant filed an Answer in the Chodkowski Action, denying all liability under any of Plaintiffs' claims.

9. The Parties agree that bona fide disputes exist regarding Plaintiffs' claims in the Abbananto Action, the Davidson Action, and the Chodkowski Action.

## CLASS CERTIFICATION IN THE ABBANANTO ACTION

10. On February 3, 2022, the Court certified the Abbananto Action as a class action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law (N.Y. Executive Law § 290 et seq.), Nassau County Government Law § 1307, and 42 U.S.C. § 1983.

11. The class action in the Abbananto Action was defined as:

> All Police Communications Operators and Police Communications Operator Supervisors employed by the County of Nassau dating back three years from the filing of the Action on February 25, 2019.

12. The class in the Abbananto Action consists of Three Hundred and Thirty-Six (336) individuals. A complete list of all Abbananto Class Members is attached hereto as Exhibit A.

## CONDITIONAL CERTIFICATION IN THE DAVIDSON ACTION

13. On June 6, 2019, the Court conditionally certified the Davidson Action as a collective action under the FLSA, 29 U.S.C. §216(b), on behalf of Plaintiffs therein and other similarly situated persons, defined as:

> All Police Communications Operators and Police Communications Operator Supervisors who worked for the County of Nassau at any time during the time period of June 6, 2016 to June 6, 2019.

14. Between June 14, 2019 and October 3, 2019, Two Hundred and Fifty-Four (254) individuals opted into the Davidson Action. A complete list of all Davidson Opt-Ins is attached hereto as Exhibit B.

### **CLASS CERTIFICATION IN THE CHODKOWSKI ACTION**

15. On July 25, 2018, the Court certified the Chodkowski Action as a class action with respect to the claims therein for breach of contract and alleged violations of Nassau County Government Law § 1307.

16. The class action in the Chodkowski Action was defined as:

    All Police Communications Operators and Police Communications Operator Supervisors employed by the County of Nassau dating back six years from the filing of the Action on May 5, 2017.

17. None of the class action members opted out of the class action in the Chodkowski Action.

18. The class in the Chodkowski Action consists of Three Hundred and Ninety-Two (392) individuals. A complete list of all Chodkowski Class Members is attached hereto as Exhibit C.

### **SETTLEMENT NEGOTIATIONS**

19. On December 16, 2022, the Parties attended a settlement conference with U.S. Magistrate Judge James M. Wicks.

20. A second settlement conference was held before U.S. Magistrate Judge James M. Wicks on March 8, 2023.

21. A third settlement conference was held before U.S. Magistrate Judge James M. Wicks on March 20, 2023.

22. Combined, the settlement conferences lasted more than eight hours.

23. The March 20, 2023 settlement conference was successful. The Parties reached an agreement as to the Total Settlement Amount, as set forth herein, and the Parties reached an agreement as to the certain non-monetary settlement terms, as set forth in a separate Memorandum of Understanding.

24. Defendant denied and continues to deny all of the allegations embodied in the Abbananto Action, the Davidson Action, and the Chodkowski Action. Nonetheless, without admitting or conceding any liability or responsibility for damages, Defendant has agreed to settle the Abbananto Action, the Davidson Action, and the Chodkowski Action solely to avoid the burden, expense, and uncertainty of continued litigation.

25. Plaintiffs' counsel has thoroughly investigated the facts and diligently pursued discovery, including interviews with the Plaintiffs and an analysis of the wage-and-hour data produced by Defendant. Based on his independent investigation and evaluation of the facts and law relating to the claims asserted in the Abbananto Action, the Davidson Action, and the Chodkowski Action, including the risk of significant delay and Defendant's defenses, Plaintiffs' counsel believes this Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members.

26. Wherefore, subject to approval by the Court, the Nassau County Legislature, and NIFA (if required), the Parties have reached an agreement to settle the Abbananto Action, the Davidson Action, and the Chodkowski Action upon the terms and conditions set forth below.

## TERMS OF THE AGREEMENT

**A.   Definitions Used in this Agreement**

27. "Abbananto Action" means the civil action in the United States District Court for the Eastern District of New York entitled *Renee Abbananto, et al. v. County of Nassau*, Case No. 19-cv-1102.

28. "Abbananto Class Members" means and includes the class action members as approved by the Court in the Abbananto Action. (See, Exhibit A, a complete list of all Abbananto Class Members). The term Abbananto Class Members shall not include the Plaintiffs as defined below.

29. "Agreement" or "Settlement Agreement" shall mean this Settlement Agreement and Release.

30. "Approval Date" means the date the Court enters an order approving this Settlement.

31. "Chodkowski Action" means the civil action in the Supreme Court of the State of New York, County of Nassau, entitled *Susan Chodkowski, et al. v. County of Nassau, et al.*, Index No. 603925/2017.

32. "Chodkowski Class Members" means and includes the class action members as approved by the Court in the Chodkowski Action. (See, Exhibit C, a complete list of all Chodkowski Class Members). The term Chodkowski Class Members shall not include the Plaintiffs as defined below.

33. "Davidson Action" means the civil action in the United States District Court for the Eastern District of New York entitled *Danielle Davidson, et al. v. County of Nassau*, Case No. 18-cv-1182.

34. "Davidson Opt-Ins" means and includes the opt-ins who filed an "Opt-In Consent Form" in the Davidson Action between June 14, 2019 and October 3, 2019. (See, Exhibit B, a

complete list of all Davidson Opt-Ins). The term Davidson Opt-Ins shall not include the Plaintiffs as defined below.

35. "Defendant" shall mean the County of Nassau.

36. "Defendant's Counsel" shall mean Deanna D. Panico of Bee Ready Fishbein Hatter & Donovan, LLP.

37. "Effective Date" shall mean the date that the Settlement is approved by NIFA, if NIFA approval is required. If NIFA approval is not required, Effective Date shall mean the date that the Settlement is approved by the Nassau County Legislature.

38. "Parties" shall mean the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, the Chodkowski Class Members, and Defendant, all as defined herein.

39. "Plaintiffs" shall mean the named Plaintiffs in the Abbananto Action, the Davidson Action, and the Chodkowski action, Renee Abbananto, Susan Chodkowski, Danielle Davidson, James Delahunty, Matthew Sarter, Gary Volpe, Wendy Neal, Deborah Pedenzin, Rosanna Lauro, and Helen Ebbert.

40. "Plaintiffs' Counsel" shall mean Louis D. Stober, Jr. of the Law Offices of Louis D. Stober, Jr., LLC.

41. "Released Claims" means any and all individual, class, or collective wage-and-hour claims that were or could have been brought based on the factual allegations contained in the Abbananto Action, the Davidson Action, and/or the Chodkowski Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for unpaid wages, unpaid overtime compensation, penalties, liquidated damages, interest, attorneys' fees or expenses, and further including claims under the Fair Labor Standards Act and the New York State Labor Law.

Released Claims also includes any and all individual, class, or collective gender and sex discrimination claims that were or could have been brought based on the factual allegations contained in the Abbananto Action, the Davidson Action, and/or the Chodkowski Action, that occurred or are alleged to have occurred at any time through the Effective Date, including without limitations claims for discrimination under federal, state or local, human or civil rights laws and/or regulations, contract or tort laws, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., 42 U.S.C. §§ 1981 and 1983, New York State Executive Law § 296, the Equal Pay Act of 1963, and Nassau County Government Law § 1307.

Released Claims further includes any and all individual, class, or collective claims for an alleged breach of the settlement agreement, or for an alleged breach of any court orders stemming from the settlement agreement, reached in *Ebbert, et al. v. Nassau County, et al.*, 05-cv-5445, that were or could have been brought based on the factual allegations contained in the Abbananto Action, the Davidson Action, and/or the Chodkowski Action.

Any claims brought by the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, or the Chodkowski Class Members in *Arciello, et al. v. County of Nassau*, 16-cv-3974 and *Aliberti, et al. v. Nassau County*, 15-cv-07111, are excluded from the Released Claims.

42. "Released Parties" means the Defendant, its agencies, departments, officers, agents, employees, and their predecessors, successors and assigns.

43. "Release Period" shall mean the period beginning May 5, 2011 and ending on the Effective Date.

44. "Settlement" means the settlement of the Abbananto Action, the Davidson Action, and the Chodkowski Action, described and defined by, and according to the terms of, the Agreement.

45. "Third-Party Defendants" means the Civil Service Employees Association, Inc., Region 1/Local 1000, AFSCME-CIO (CSEA) and CSEA Local 830.

46. "Total Settlement Amount" means the amount of Two Million Three Hundred Thousand Dollars ($2,300,000.00). The Total Settlement Amount will cover the settlement payments to the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members, including liquidated damages, penalties, interest, the proposed attorneys' fees, litigation costs and disbursements to Plaintiffs' Counsel, the settlement fund administrator's fees, and the participation fees, as proposed by Plaintiffs' Counsel.

B. **Settlement Amount and Allocation**

47. Total Settlement Amount. Subject to the terms and conditions of this Agreement, the total amount Defendant, County of Nassau will pay and/or make available for distribution, in final and complete settlement of the Abbananto Action, the Davidson Action, and the Chodkowski Action, is Two Million Three Hundred Thousand Dollars ($2,300,000.00). The Total Settlement Amount will be paid and/or made available to the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, the Chodkowski Class Members, and Plaintiffs' Counsel as determined by order of the Court, and shall be distributed in the manner set forth in Paragraphs 67-76 of this Settlement Agreement.

48. Tax Treatment of Individual Settlement Payments and Participation Fees. For the individual settlement payments made to the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members, the amount(s) paid to each Plaintiff, Abbananto Class Member, Davidson Opt-In, and Chodkowski Class Member will be allocated to mileage reimbursement. A Form 1099 will be issued to the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members, if required. Any Participation Fee approved by the Court shall be treated as

non-wage income for the calendar year of payment and reported to the appropriate taxing authorities on a Form 1099.

49. Tax Treatment of Attorneys' Fees and Litigation Costs. Defendant County of Nassau will issue a Form 1099 to Plaintiffs' Counsel with respect to all attorneys' fees and litigation costs approved by the Court for distribution to Plaintiffs' Counsel.

50. With respect to the individual settlement payments made to the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members, pursuant to Paragraph 48 above, the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members agree to indemnify and hold the Released Parties harmless for any taxes, interest and/or penalties that may be assessed by any taxing authorities as a result of any failure by the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members, to fulfill his/her tax obligations for any payment received pursuant to this Settlement Agreement or for any other adverse tax consequences associated with the manner in which the payments required under this Settlement Agreement have been allocated.

## RELEASE OF CLAIMS

51. **Release** Upon full approval of the Settlement in accordance with Paragraphs 53-58 below, Plaintiffs and the Chodkowski Class Members, shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date.

In accordance with the terms of this Agreement, all Abbananto Class Members who fail to sign and return an Opt-Out Form within 30 days of the Effective Date, as set forth in Paragraphs 64-66 below, shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date.

In accordance with the terms of this Agreement, all Davidson Opt-Ins who sign and return a Consent and Release Form, as set forth in Paragraphs 59-63 below, shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims. This release is intended to and shall be effective as a release of and bar to all Released Claims that have accrued as of the Effective Date.

Additionally, upon full approval of the Settlement in accordance with Paragraphs 53-58 below, Defendant shall be deemed to have irrevocably and unconditionally released and discharged any and all claims against the Third-Party Defendants that were raised by Defendant in the Abbananto Action.

52. **Release of Attorneys' Fees and Litigation Costs** The Plaintiffs, counsel for the Plaintiffs, the Abbananto Class Members, the Davidson Opt-Ins, and the Chodkowski Class Members agree that the payment of attorneys' fees and litigation costs to Plaintiffs' Counsel pursuant to this Agreement and as approved by the Court includes, satisfies, and extinguishes all claims for attorneys' fees and expenses recoverable in the Abbananto Action, the Davidson Action, and the Chodkowski Action. In consideration of such payment, Plaintiffs' Counsel releases and waives any and all claims to further attorneys' fees and expenses in connection with the Abbananto Action, the Davidson Action, and the Chodkowski Action.

## APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTIONS

53. **Cooperation** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, effectuate its terms, and cause the Abbananto Action, the Davidson Action, and the Chodkowski Action to be dismissed with prejudice.

54. **Fair, Adequate and Reasonable Settlement** The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

55. **Joint Motion for Court Approval of Settlement** Within five (5) business days after the execution of this Agreement, the Parties will jointly move the Court for approval of the Settlement and entry of an approval order granting approval of the Settlement as fair, adequate, and reasonable. If the Court does not issue an approval order, or decides to do so only with material modifications to the terms of this Agreement, or if the approval order is reversed or vacated by an appellate court, then this Agreement shall become null and void.

56. **Legislative Approval** Within ten (10) days after the Approval Date, Defendant's Counsel will take the necessary steps to submit this Settlement Agreement to the Nassau County Legislature for legislative approval. If the Nassau County Legislature does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

57. **NIFA Approval** If NIFA approval is required, after approval of the Settlement Agreement by the Nassau County Legislature, Defendant County of Nassau will submit this Settlement Agreement to NIFA for approval. If NIFA does not approve this Settlement Agreement, or decides to do so only with material modifications to the terms of this Settlement Agreement, then this Agreement shall become null and void. This Settlement shall not become effective unless and until it is approved by both the Nassau County Legislature and NIFA (if NIFA approval is required).

58. **Dismissal of the Actions With Prejudice** Subject to and conditioned upon approval of this Settlement by the Court, the Nassau County Legislature, and NIFA (if NIFA approval is required), Plaintiffs, Plaintiffs' Counsel, the Abbananto Class Members, the

Davidson Opt-Ins, and the Chodkowski Class Members agree that the Abbananto Action, the Davidson Action, and the Chodkowski Action shall be dismissed with prejudice as to all Released Parties and all Released Claims with all Parties responsible for their own costs and attorneys' fees, except as otherwise specifically provided in this Agreement. Contemporaneously with the execution of this Agreement, counsel for the Parties shall execute stipulations dismissing the Abbananto Action, the Davidson Action, and the Chodkowski Action, with prejudice, pursuant to Fed. R. Civ. Proc. 41(a) ("Stipulations of Dismissal").

## SETTLEMENT ADMINISTRATION FOR THE DAVIDSON ACTION

59. Distribution of Notice Via Personal Email, Hand Delivery, and First Class Mail. Within three (3) calendar days after the Effective Date, Plaintiffs' Counsel shall distribute, via hand delivery, personal email, and First Class Mail, the proposed Lawsuit Settlement Notice (Exhibit D), with its attached Consent and Release Form, to the Davidson Opt-Ins. The Lawsuit Settlement Notice shall inform the Davidson Opt-Ins of their eligibility to participate in the Settlement by signing and returning Consent and Release Forms along with completed W-9 Forms, as well as the amount of their respective Individual Payment if they do so.

60. Consent Deadline. The Consent Deadline for the Davidson Opt-Ins shall be thirty (30) calendar days after the Effective Date.

61. The Davidson Opt-Ins will only be entitled to receive their individual settlement payments if they sign and return the Consent and Release Form on or before the Consent Deadline.

62. Any Plaintiff, Abbananto Class Member, or Chodkowski Class Member who is also a Davidson Opt-In, shall not be entitled to receive his or her individual settlement payment unless he or she signs and returns the Consent and Release Form before the Consent Deadline.

63. Untimely Consent Forms. If a Davidson Opt-In attempts to participate in the Settlement by returning a Consent and Release Form after the Consent Deadline, Defendant may, in its sole discretion, accept the untimely Consent Form or refuse to do so.

## SETTLEMENT ADMINISTRATION FOR THE ABBANANTO ACTION

64. Distribution of Notice Via Personal Email, Hand Delivery, and First Class Mail. Within five (5) business days after the Effective Date, Plaintiffs' Counsel shall distribute, via hand delivery, personal email, and First Class Mail, the proposed Notice of Pendency of Class Action (Exhibit E), with its attached Opt-Out Form, to the Abbananto Class Members. The Notice of Pendency of Class Action shall inform the Abbananto Class Members of their eligibility to participate in the Settlement, as well as the amount of their respective Individual Payment if they do so, and their right to opt out of the settlement by signing and returning the Opt-Out Form.

65. Opt-Out Deadline. The Opt-Out Deadline for the Abbananto Class Members shall be thirty (30) calendar days after the Effective Date.

66. Any Abbananto Class Member who fails to return the Opt-Out Form by the Opt-Out Deadline shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to the Released Claims.

## DISTRIBUTION OF SETTLEMENT FUND

67. Within three (3) calendar days following the Consent Deadline and the Opt-Out Deadline, Plaintiffs' Counsel shall provide to Defendant's Counsel a Report which shall identify all Davidson Opt-Ins and whether the Davidson Opt-In returned the Consent and Release Form, and which shall identify all Abbananto Class Members and whether the Abbananto Class Member returned the Opt-Out Form.

68. With the Report, Plaintiffs' Counsel shall produce to Defendant's Counsel all received W-9 Forms.

69. With the Report, Plaintiffs' Counsel shall provide to Defendant's Counsel a copy of all signed Consent and Release Forms, and a copy of all signed Opt-Out Forms.

70. Distribution of the Total Settlement Amount. Within sixty (60) days after receipt by Defendants' Counsel of the Report, Defendant County of Nassau shall issue payment, drawn from the Total Settlement Amount, which shall be distributed, by a settlement fund administrator, in accordance with the Court's order regarding allocation of the Total Settlement Amount, to all Plaintiffs, Abbananto Class Action Members who did not opt-out, Chodkowski Class Action Members, and Davidson Opt-Ins who signed and returned a Consent and Release Form, as set forth in the Report.

71. Payment of Attorneys' Fees. Within sixty (60) days after receipt by Defendant's Counsel of the Report, Defendant County of Nassau shall issue payment for attorneys' fees from the Total Settlement Amount to Plaintiffs' Counsel in accordance with the Court's order regarding allocation of the Total Settlement Amount.

72. Once 30 days have elapsed from the final settlement payment by Defendant, Defendant's Counsel shall file the Stipulations of Dismissal. Through the filing of the Stipulation of Dismissal, the County of Nassau shall withdraw, with prejudice, the Third-Party Complaint brought by the County of Nassau against the Third-Party Defendants in the Abbananto Action.

73. With respect to any Davidson Opt-In who fails to return a Consent and Release Form, the settlement funds ascribed to such individual in accordance with the Court's order regarding allocation of the Total Settlement Amount shall revert to the Defendant County of Nassau and shall, therefore, be deducted from the Total Settlement Amount. Plaintiffs

and Plaintiffs' Counsel shall have no rights or claims as to the unclaimed portions of the Total Settlement Amount.

74. With respect to any Abbananto Class Member who signs and returns an Opt-Out Form, the settlement funds ascribed to such individual in accordance with the Court's order regarding allocation of the Total Settlement Amount shall revert to the Defendant County of Nassau and shall, therefore, be deducted from the Total Settlement Amount. Plaintiffs and Plaintiffs' Counsel shall have no rights or claims as to the unclaimed portions of the Total Settlement Amount.

75. With respect to any Davidson Opt-In who fails to return a signed Consent and Release Form, the claims of that Opt-In shall be dismissed from the Davidson Action without prejudice. Plaintiffs' Counsel agrees that upon dismissal of the Davidson Action, pursuant to the Stipulation of Dismissal, Plaintiffs' Counsel no longer represents any Davidson Opt-In who has failed to return a signed Consent and Release Form and Plaintiffs' Counsel agrees that he will not do so in the future with respect to the claims brought in the Davidson Action, the Abbananto Action, and the Chodkowski Action.

76. With respect to any Abbananto Class Member who signs and returns an Opt-Out Form, the claims of that class member shall be dismissed from the Abbananto Action without prejudice. Plaintiffs' Counsel agrees that upon dismissal of the Abbananto Action, pursuant to the Stipulation of Dismissal, Plaintiffs' Counsel no longer represents any Abbananto Class Member who signed and returned an Opt-Out Form and Plaintiffs' Counsel agrees that he will not do so in the future with respect to the claims brought in the Davidson Action, the Abbananto Action, and the Chodkowski Action.

## NO ADMISSION

77. Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## CONSTRUCTION

78. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement Agreement.

## MODIFICATION

79. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties and approved by the Court.

## WAIVERS, ETC. TO BE IN WRITING

80. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and subject to any required Court approval. Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

## BINDING ON ASSIGNS

81. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

82. This Settlement Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## SEVERABILITY

83. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

## NO WAIVER

84. The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such Party's right thereafter to enforce each and every term and condition of this Agreement.

## GOVERNING LAW

85. This Settlement Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

## EXTENSION OF TIME

86. The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement, without further notice to the Court, subject to Court approval as to Court dates.

## EXECUTION BY PARTIES AND COUNSEL

### NAMED PLAINTIFFS

Dated: May 26, 2023            Renee Abbananto
                               _[signature]_
                               Plaintiff

Dated: May 26, 2023            Susan Chodkowski
                               _[signature]_
                               Plaintiff

Dated: May 26, 2023            Danielle Davidson
                               _[signature]_
                               Plaintiff

Dated: May 26, 2023            James Delahunty
                               _[signature]_
                               Plaintiff

Dated: May 26, 2023            Matthew Sarter
                               _[signature]_
                               Plaintiff

Dated: MAY 26, 2023            Gary Volpe
                               _[signature]_ Benjamin [illegible] Exec.
                               Plaintiff

Dated: May 26, 2023

Wendy Neal

_____
Plaintiff

Dated: May 26, 2023

Deborah Pedenzin

_____
Plaintiff

Dated: May 26, 2023

Rosanna Lauro

_____
Plaintiff

Dated: May 24, 2023

Helen Ebbett

_____
Plaintiff

Dated: May 26, 2023

PLAINTIFFS' COUNSEL

_____
Louis D. Stober, Jr., Esq.
Law Offices Louis D. Stober, Jr., LLC
98 Front Street
Mineola, New York 11501
Tel.: (516) 742-6546

DEFENDANT/THIRD-PARTY PLAINTIFF

Dated: June 6, 2023

County of Nassau

_____
Honorable Thomas A. Adams
County Attorney
Office of the Nassau County Attorney
1 West Street
Mineola, New York 11501
Tel.: (516) 571-3056

**DEFENDANT'S COUNSEL**
**THIRD-PARTY PLAINTIFF'S COUNSEL**

Dated: June 5, 2023

_____
Deanna D. Panico, Esq.
Bee Ready Fishbein Hatter & Donovan, LLP
170 Old Country Road
Mineola, New York 11501
Tel.: (516) 746-5599

**THIRD-PARTY DEFENDANT'S COUNSEL**

Dated: May 26, 2023

_____
Aaron E. Kaplan, Esq.
Civil Service Employees Association, Inc.
143 Washington Avenue
Albany, New York 12224
Tel.: (518) 257-1443